### Z. BOUGHN v. A. E. SMITH.

FILED MAY 17, 1899.    No. 8889.

1. **Contract: CONSTRUCTION.** The contract set out in the opinion construed; and *held* to bind the parties thereto to account to each other for the net profits derived from the purchase and sale of lands under the contract, although such real estate was not specially described therein.

2. ———: **CONSIDERATION.** One consideration is sufficient to support all the stipulations of a contract, where such was the intention of the parties.

ERROR from the district court of Cedar county. Tried below before EVANS, J. *Affirmed.*

*J. C. Robinson*, for plaintiff in error.

*Miller & Ready* and *Barnes & Tyler, contra.*

NORVAL, J.

This suit was brought in the court below by A. E. Smith against Z. Boughn for an accounting between the

parties relating to the purchase and sale of the southeast quarter of section 29, township 28, range 1 east. The plaintiff obtained judgment for the sum of $327.40, and the defendant prosecutes error.

The petition is assailed as not stating a cause of action against the defendant. Plaintiff avers that the parties entered into a written contract, which is made a part of the petition, and a copy of which follows:

"This contract, made this 29th day of June, 1889, witnesseth that A. E. Smith sold and conveyed to Z. Boughn the following described lands, N. E. ¼ of section 21, T. 28, R. 1 E., on these express conditions and reservations, that is to say: In consideration of the sale of said lands by A. E. Smith to Z. Boughn for the sum of seventeen hundred and forty dollars the said Boughn hereby agrees that when the land shall be sold, said A. E. Smith, his heirs and assigns, shall receive from Z. Boughn one-half the net profits on the said land over and above the said seventeen hundred and forty dollars, interest and taxes, also taking into account the expenses of breaking up and cultivating the same and the crops, if any, raised on the same. And it is further expressly agreed by both parties hereto that in case either party finds a purchaser for said land, and the other party shall not desire to sell the same, then the party not desiring to sell shall purchase of the other party his interest in said land under this contract. And it [is] further agreed that the conditions and agreements shall hold good as to any other lands which the said Boughn and Smith may purchase together hereafter.

"Witness:                                 A. E. SMITH.
                                          "Z. BOUGHN."

It is further alleged that in accordance with, and under the terms of, said contract plaintiff and defendant, in July, 1889, purchased jointly the southeast quarter of section 29, township 28, range 1 east, for $2,000, and was held by defendant in trust for the use and benefit of plaintiff and defendant; that said written contract con-

tained the provision, "and it is further agreed that the provisions and agreements shall hold good as to any other lands which the said Boughn and Smith may purchase together hereafter;" that the land last above described was sold by defendant for $5,600 to one Christensen, and defendant has received the rents and profits of said real estate, and the whole proceeds of the sale, and has refused to account or pay over to plaintiff his share of profits in the purchase and sale of such real estate, although often requested so to do, and that defendant is indebted to plaintiff by reason of the premises in the sum of $2,500.

The contention of the defendant below is that the action is based upon the written agreement copied above, and as it refers specifically to the selling by him to Boughn, and the division of the profits of, the northeast quarter of section 21, township 28, range 1 east, no recovery can be had by reason of the alleged joint purchase of the southeast quarter of section 29, in town and range aforesaid, and the subsequent sale thereof at an increased price, and *Patterson v. Murphy*, 41 Neb. 818, is cited to sustain the argument. In that case it was held that a party suing on a written contract is limited by its terms. We fully adhere to the doctrine of that decision, but it has no application to the case at bar. While the contract describes a different tract of land from that stated in the petition, the pleading of the plaintiff is not for that reason defective. It will be observed that the contract contains the express provision that the "conditions and agreements shall hold good as to any other lands which the said Boughn and Smith may purchase together hereafter." So that the parties at the time the written contract was entered into contemplated other purchases and sales of real estate, and stipulated that the provisions of the contract should apply to such other purchases and sales. In the petition it is specifically alleged that the southeast quarter of section 29 was purchased by the parties in pursuance and under the terms

and conditions of their said written contract, for their joint use and benefit, and said quarter section is as much within the contract as if the same had been specifically described therein.  Plaintiff, therefore, does not seek a recovery contrary to the written contract entered into with the defendant.  The petition states a cause of action in favor of the plaintiff for his share of the profits growing out of the purchase and sale of the said southeast quarter.

It is also argued that if the contract could be construed to apply to the southeast quarter of section 29, then there was no consideration for such agreement.  The contract must be regarded as an entirety, and on its face discloses a consideration for the agreements or stipulations therein contained.  In consideration of plaintiff selling his land to the defendant at a stipulated sum, the latter agreed with the former that when this land should be sold the net profits derived therefor should be divided between them.  This consideration was sufficient to uphold the clause in the contract relating to any other land which the parties might subsequently purchase under and in pursuance of the agreement.  It is not true, as suggested by counsel for defendant, that when the transaction relating to the northeast quarter of section 21 was closed according to the agreement of the parties, the entire consideration of the contract was exhausted.  One consideration is sufficient to support an entire contract, when such was the intention of the parties.  No reversible error appearing in the record, the judgment is

AFFIRMED.